IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:24-CV-85-BO-RN

| | |
|---|---|
| AARON RICH, )<br>        Plaintiff, )<br>)<br>v. )<br>)<br>PREMIER ELECTRICAL STAFFING LLC )<br>and CHARLES BRIAN ORNDORFF, )<br>        Defendants. ) | O R D E R |

This cause comes before the Court on plaintiff's motion for entry of default pursuant to Rule 55(a) of the Federal Rules of Civil Procedure against defendant Charles Brian Orndorff. Defendant Orndorff has responded in opposition, plaintiff has replied, and in this posture the motion is ripe for ruling.

## BACKGROUND

Plaintiff instituted this action on February 13, 2024, and summonses were issued on February 20, 2024. Defendant Premier Electrical Staffing executed a waiver of summons and filed its answer through counsel on April 22, 2024. On May 3, 2024, plaintiff filed the instant motion for entry of Clerk's Default against defendant Orndorff. On May 20, 2024, counsel for Orndorff appeared and requested an extension of time to respond to the motion for entry of default. An extension was granted, and Orndorff timely responded to the motion for entry of default. After receiving an extension of time, plaintiff timely filed a reply to his motion for entry of default.

## DISCUSSION

A. Default

The Court considers first whether plaintiff has effected service on Orndorff and thus whether entry of default would be appropriate.

On February 26, 2024, Stephen Haan of Haan Investigations served the summons and complaint on Renee DePasse, who identified herself as Orndorff's fiancé, at 6801 Barham Hollow Drive in Wake Forest, North Carolina. Wake County tax records list Orndorff as the owner of 6801 Barham Hollow Drive and the North Carolina State Board of Elections lists 6801 Barham Hollow Drive in Wake Forest as Orndorff's residence. DePasse told Haan that she lived at 6801 Barham Hollow Drive, that Orndorff did not live there, that she had a no-contact order entered against Orndorff, and that she did not know where Orndorff was.

Orndorff has been charged in a criminal case with assault on a female. Following Orndorff's failure to appear in state court, an order for his arrest was issued on January 4, 2024. Plaintiff's counsel believes that Orndorff had not been arrested as of the date of the affidavit in support of the motion for entry of default. In light of these facts, plaintiff's counsel determined that additional efforts to locate Orndorff would be futile and elected to serve Orndorff by publication. Plaintiff engaged the News & Observer, which has an area of circulation which encompasses 6801 Barham Hollow Drive, to publish a notice of service pursuant to Rule 4(j) of the North Carolina Rules of Civil Procedure. Service by publication was initiated on March 22, 2024, and the notice was re-published for three, consecutive once-weekly publications. The last notice was published on April 5, 2024. *See, generally,* [DE 9].

Rule 4(e) of the Federal Rules of Civil Procedure permits service on an individual within a United States judicial district by following the state law for service where the district court is located or where service is being effected. Fed. R. Civ. P. 4(e)(1). Rule 4(j1) of the North Carolina Rules of Civil Procedure provides as follows:

2

> Service by publication on party that cannot otherwise be served.--A party that cannot with due diligence be served by personal delivery, registered or certified mail, or by a designated delivery service authorized pursuant to 26 U.S.C. § 7502(f)(2) may be served by publication. Except in actions involving jurisdiction in rem or quasi in rem as provided in section (k), service of process by publication shall consist of publishing a notice of service of process by publication once a week for three successive weeks in a newspaper that is qualified for legal advertising in accordance with G.S. 1-597 and G.S. 1-598 and circulated in the area where the party to be served is believed by the serving party to be located, or if there is no reliable information concerning the location of the party then in a newspaper circulated in the county where the action is pending. If the party's post-office address is known or can with reasonable diligence be ascertained, there shall be mailed to the party at or immediately prior to the first publication a copy of the notice of service of process by publication. The mailing may be omitted if the post-office address cannot be ascertained with reasonable diligence. Upon completion of such service there shall be filed with the court an affidavit showing the publication and mailing in accordance with the requirements of G.S. 1-75.10(a)(2), the circumstances warranting the use of service by publication, and information, if any, regarding the location of the party served.

N.C. Gen. Stat. §1A-1, 4(j1).

Orndorff contends that plaintiff has failed to effect proper service by publication because he has not, or has not demonstrated by affidavit that he has, mailed to Orndorff at his post-office address at or immediately prior to the first publication a copy of the notice of service of process by publication. The affidavit filed by plaintiff's counsel indeed does not indicate that notice of service of process by publication was mailed to Orndorff at or immediately prior to the first publication in the News & Observer.

This omission does not render service ineffective in this case. First, to the extent Orndorff admits that his post-office address is 6801 Barham Hollow Drive, service was likely effective when Haan delivered a copy of the summons and complaint with a person of suitable age and discretion who resided there. *See* Fed. R. Civ. P. 4(e)(1)(B). Recognizing that "usual place of abode" may not be the same as a post-office address, plaintiff has demonstrated that Orndorff owns the Barham Hollow Drive address, that he has paid taxes on that residence, and that is registered

3

to vote at that residence. Each of these is strong indicia that 6801 Barham Hollow Drive is Orndorff's usual place of abode. *See, e.g., craigslist, Inc. v. Hubert*, 278 F.R.D. 510, 516 (N.D. Cal. 2011) (vehicle registration and financial records using certain address demonstrated defendant's usual place of abode, even though at the time of service defendant was temporarily residing with his sister).

Second, the affidavit in support of entry of default demonstrates that Orndorff's post-office address could not be ascertained with reasonable diligence, and thus that the mailing of notice of service by publication could be omitted. As recounted above, Orndorff's fiancé has indicated that he no longer lives with her and that she does not know where he is. Orndorff has failed to appear in state court on criminal charges and a warrant has been issued for his arrest, which to plaintiff's counsel's knowledge remained outstanding at the time of service by publication. Reasonable diligence would not permit plaintiff to discover Orndorff's post-office address under these circumstances, and thus notice of service by publication was permissibly omitted from the affidavit.

Accordingly, Orndorff has been properly served and he has failed to answer or otherwise respond to the complaint within the time provided. Entry of default is therefore appropriate.

B. Set aside default

The Court considers Orndorff's opposition to the entry of default under the same standard as is applied to motions to set aside default. Entry of default may be set aside for good cause. Fed. R. Civ. P. 55(c). "When deciding whether to set aside an entry of default, a district court should consider whether the moving party has a meritorious defense, whether it acts with reasonable promptness, the personal responsibility of the defaulting party, the prejudice to the party, whether there is a history of dilatory action, and the availability of sanctions less drastic." *Payne ex rel.*

4

*Est. of Calzada v. Brake*, 439 F.3d 198, 204-05 (4th Cir. 2006). As a general matter, there is a strong preference that defaults be avoided and that matters are disposed of on the merits. *Colleton Prep. Acad., Inc. v. Hoover Universal, Inc.*, 616 F.3d 413, 417 (4th Cir. 2010).

Orndorff has acted with reasonable promptness in that he has opposed entry of default prior to it being entered, the Court is aware of no history of dilatory action on Orndorff's part, and the Court is mindful of the strong preference that cases be decided on their merits. Counsel has appeared for Orndorff and the claims against the corporate defendant are not so far advanced that plaintiff would suffer any prejudice by Orndorff being joined at this stage. The Court therefore sets aside the default.

## CONCLUSION

Accordingly, for the foregoing reasons, service on defendant Orndorff has been effected and default under Rule 55(a) is appropriate. The motion for entry of default [DE 10] is therefore GRANTED. However, default is SET ASIDE pursuant to Rule 55(c). Orndorff shall respond to the complaint not more than fourteen days from the date of entry of this order.

SO ORDERED, this ___ day of Sept., 2024.

TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE